IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS LYNN BROWN, 1061389, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-1240-L |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

Petitioner was convicted of aggravated assault and theft. *State of Texas v. Thomas Lynn Brown*, Nos. F-01-51239-TK and F01-51242-TK (Crim. Dist. Ct. No. 4, Dallas County, Tex., Sept. 6, 2001). He was sentenced to forty years confinement for the assault and twenty years confinement for the theft, to run concurrently. On August 15, 2002, the Eleventh District Court of Appeals affirmed Petitioner's conviction. *Brown v. State*, Nos. 11-01-003333-CR and 11-01-00334-CR (Tex. App. – Eastland, Aug. 15, 2002). Petitioner did not file a petition for discretionary review.[1]

---

[1] It appears Petitioner filed for an extension of time to file a PDR, but that he never filed a PDR in either conviction.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -1-

On July 27, 2006, Petitioner filed two state applications for writ of habeas corpus challenging both convictions. *Ex parte Brown*, Application No. 65,679-01, -02. On September 27, 2006, the Court of Criminal Appeals denied the petitions without written order.

On July 10, 2007, Petitioner filed this federal petition. He argues: (1) the indictment was defective; (2) his conviction violates the Double Jeopardy Clause.

On May 23, 2008, Respondent filed his preliminary response arguing that the petition is time-barred. Petitioner did not file a reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

---

[2] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On August 15, 2002, the Eleventh District Court of Appeals affirmed Petitioner's conviction. Petitioner did not file a PDR. His conviction therefore became final on September 16, 2002. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until September 16, 2003, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On July 27, 2006, Petitioner filed his state habeas petitions. Petitioner's applications, however, were filed after the one-year limitations period expired. They therefore did not toll the limitations period.

Petitioner's federal petition was due by September 16, 2003. He did not file his federal petition until July 10, 2007. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to establish extraordinary circumstances warranting equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 25th day of February, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).